## Case No. 4,890.

### FLORIO v. PEASLEE.

[2 Curt. 452.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1855.

Mr. Griswold, for plaintiff.
Mr. Hallett, Dist. Atty., contra.

CURTIS, Circuit Justice. At the trial of this case, which was an action to recover back duties alleged to be illegally exacted, the plaintiff offered in evidence a paper purporting to be a protest, but not signed. It was annexed by a wafer to an affidavit, which was signed and sworn to by one of the consignees, and both papers were annexed to the entry. I was of opinion at the trial, that this was not a sufficient protest, under the act of Feb. 26, 1845 (5 Stat. 727), which requires "a protest in writing, signed by the claimant." I remain of the same opinion after consideration of the question, and of the argument submitted on behalf of the plaintiff. This is not a question of interpretation of the writing. If it were, the three papers would be considered as parts of the same transaction, and each might aid in interpreting the others. It is simply a question whether the protest was signed. I can no more take the signature of one of the consignees to the affidavit, to be a signature of the protest, than I can take the signature of another of the consignees to the importers' oath on the back of the entry, or the name of the consignees' firm in the entry, to be a signing of the protest. They all exist on papers attached together, but neither is there, as a signature of the protest. Each is manifestly put on the paper for a distinct and particular purpose, and this purpose has no reference to or connection with the protest. These signatures must have been there, and with the same intent, and answering the same end, if the protest had never been in existence. The plaintiff's counsel has given very good reasons for believing, that the want of a signature to the protest, under the peculiar circumstances of this case, could be of no practical importance. But it is a statute requirement, which I have not power to dis-pense with, whether, in the particular case it be important or otherwise. The motion for a new trial is overruled.