BODART v. SCHELL *et al.*, (two cases.)

*(Circuit Court, S. D. New York.* January 13, 1888.)

CUSTOMS DUTIES—ACTION TO RECOVER BACK—PROTEST.

In the absence of evidence of the entry of a protest in writing, as required by the act of 1845, (Rev. St. U. S. § 3011,) a verdict for plaintiffs in an action to recover back excess of duties will be set aside, and a new trial granted.

At Law. On motion for new trial.

Two actions brought by Edward Bodart, sole survivor of C. Morlot & Co., against Robert Schell and others, executors of Augustus Schell, late collector of customs, to recover back excess of duties paid under protest. A trial by jury was had, and verdict rendered for plaintiff. The district attorney moved for new trials, and plaintiff offered the following stipulation:

The plaintiff in each of the above-entitled actions hereby offers to stipulate that the motion for a new trial, made by the district attorney, in each of the above-entitled actions, be granted on the following conditions: The district attorney to stipulate in writing: (1) That he will produce on the new trials to be had the entries and protests made by C. Morlot & Co. on their importations by the following vessels: The Challenger, August 15, 1857; America, July 24, 1858; Mercury, July 24, 1858; Arabia, July 30, 1858; Vanderbilt, August 2, 1858; Arago, August 10, 1858; Fulton, January 5, 1859; Ariel, June 11, 1859; Vanderbilt, July 8, 1859; Arago, July 14, 1859; Ariel, July 22, 1859; Vanderbilt, September 27, 1859; Ariel, October 18, 1859; Arago, February 16, 1860; Vanderbilt, July 17, 1860; Admiral, August 2, 1860; Illinois, August 13, 1860. (2) On failure to produce on such new trials the said entries and protests, or either of them, that he will admit that the signatures to such entries and protests not produced were in the proper handwriting of C. Morlot & Co. (3) That such trials shall be had, not later than February 1, 1888.

*Dated New York, January* 3, 1888.

ALMON W. GRISWOLD, Plffs. Atty.

*Stephen A. Walker,* U. S. Dist. Atty., for the motion.
*Almon W. Griswold, contra.*

LACOMBE, J. Before the argument of these motions, plaintiff proffered the annexed stipulation, which defendant declined to accept. Motions are now made for new trials, on the ground that no proof was given upon the trials that the protest to the entry by the Challenger, of August, 1857, was signed by the plaintiff's firm, or by any member thereof, or by any authorized agent, as required by the protest act of 1845. Contrary to the impression formed at the argument, I am of the opinion that both motions must be granted. Upon re-examining the testimony of Mr. Stanwood in the action first tried, there does not seem to be such a variance between it and his later evidence as to warrant a different disposition of the two motions. The legal propositions advanced by the plaintiff are undoubtedly sound; but the facts as disclosed on the record are not sufficient to warrant such an application of them as will sustain the verdict. The protest required by the act of 1845 must be

signed, (*Florio* v. *Peaslee*, 2 Curt. 452,) but it is immaterial whether that signature is in writing, made with ink or pencil, stamped, or printed. Nor does it matter whether it was placed on the protest by the plaintiff, by his formally authorized agent, by one casually called upon for the occasion, or by a person employed by the firm, the proper discharge of whose functions would naturally call for the making of these protests. So, too, a signature affixed without authority would become the firm's signature by adoption, when the protest was, by the firm or its agent, affixed to the entry, or served on the collector. So, too, when a genuine protest is found in its proper place in the custom-house it will be presumed that it was attached, presented, or served at the time of its date by the importer or his agent; and upon the strength of such presumption many verdicts have been rendered against the government since this term opened. Here, however, neither handle will fit into the case. It cannot be presumed that the protest was attached to the entry by plaintiffs or their agent, because its genuineness is not shown, nor can its genuineness be presumed on the theory that it was attached to the entry by plaintiffs or their agent, because that latter fact does not appear in evidence. The case is one of great hardship, produced in part by the carelessness of the collector's subordinates, and in part by plaintiffs' failure to secure among their own papers secondary evidence of these documents; but, in the absence of what the law recognizes as competent evidence of the facts, which plaintiffs must show to warrant recovery, I do not see how these verdicts can stand.

In the smaller action, the missing evidence only affects the Challenger entry, and a new trial will not be ordered if plaintiff stipulates to reduce the verdict by the amount of that entry.

Upon the new trial the missing protest was found, and verdict was directed for plaintiff.